1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT

8           NORTHERN DISTRICT OF CALIFORNIA

9

10   BENJAMIN CHANG,

11                Plaintiff,                        Case No. 21-cv-05967-NC

12        v.                                        **ORDER GRANTING
                                                    DEFENDANT'S MOTION TO
13   INTERACTIVE BROKERS LLC,                       DISMISS WITH LEAVE TO
                                                    AMEND**
14                Defendant.
                                                    Re: ECF 21
15

16          Plaintiff Benjamin Chang brings this case on behalf of himself, and other victims of

17   a Ponzi scheme devised by Haena Park and conducted on Defendant Interactive Brokers

18   LLC's trading platform.  Chang alleges that IBKR aided and abetted Park in facilitating

19   her fraudulent scheme and breaching her fiduciary duties to her investors, resulting in the

20   loss of over $14 million of investor contributions.  IBKR moves to dismiss this complaint

21   on the grounds that Chang's claims are time-barred and do not sufficiently plead IBKR's

22   knowledge of Park's scheme.  After reviewing the complaint and briefing, the Court

23   GRANTS IBKR's motion and GRANTS Chang leave to amend.

24   **I.      BACKGROUND**

25          As alleged in the complaint, Chang is a victim of a Ponzi scheme devised by Park.

26   ECF 1 at ¶ 1.  Defendant Interactive Brokers LLC (IBKR) is a registered SEC broker-

27   dealer and CFTC futures commission merchant and one of the world's largest brokers,

28   with over a million client accounts and approximately 2.5 million traders per day.  *Id.*

United States District Court
Northern District of California

Park, who is not a defendant in this case, was a self-employed home trader who used the Interactive Broker platform to misuse funds solicited from Chang and others "for her own gains and to make phony dividend payments to other investors caught up in the scheme." *Id.* at ¶¶ 1, 28.

Between January 2010 and May 2016, Park collected at least $23 million from fifty investors, deposited $19 million of that sum into her IBKR account, and misappropriated the remaining $4 million. *Id.* at ¶ 30.  Park continued to solicit funds until November 2016.  *Id.* at ¶ 31.  From 2010 to 2016, Park's trading account "consistently showed significant losses." *Id.* at ¶ 33.  As of 2016, her account lost $17.5 million and another $1.5 million in cash was withdrawn.  *Id.*  Despite the losses, Park continued making deposits into her IBKR account, depositing several million dollars per year despite showing no sources of income.  *Id.* at ¶ 35.  Many of the deposits were so large that they were manually reviewed and processed by IBKR analysts.  *Id.*

Through its compliance department's observance of Park's trading activity irregularities, IBKR was aware that she was engaged in an investment scheme.  *Id.* at ¶ 36.  From 2014 to 2016, Park's account appeared on five IBKR surveillance reports.  *Id.*  Park also appeared more than ten times on an internal IBKR report that identified account holders with losses exceeding a percentage of their stated net worth.  *Id.* at ¶ 37.  IBKR analysts manually reviewed the reports and Park's trading activity and continued to process Park's transactions "without escalation, additional oversight, or intervention." *Id.* at ¶¶ 37, 36.  Based on these red flags, IBKR knew Park was pooling third-party funds, but rather than escalate the account to compliance officers, report the activity, or restrict the account, IBKR "committed acts and omissions that furthered the fraud." *Id.* ¶ 38.

As a broker-dealer, IBKR derives revenue from commissions on all transactions executed on its platform and interest from assets held in its accounts.  *Id.* at ¶¶ 23-25.  These revenues and profits motivated IBKR to facilitate Park's suspicious transactions, ignoring its red flag reports.  *Id.* at ¶¶ 26, 40.

In 2016, Park's Ponzi scheme was reported to authorities, and they brought criminal

United States District Court
Northern District of California

charges against her. *Id.* at ¶¶ 41-42.  In 2020, the CFTC charged IBKR in relation to the scheme and required it to pay over $12 million in penalties and disgorgement. *Id.* at ¶ 42.

On August 2, 2021, Chang brought this class action suit against IBKR for aiding and abetting fraud and breach of fiduciary duty and violations of California's Unfair Competition Law (UCL).  ECF 1.  On October 1, 2021, IBKR brought this motion to dismiss and a corresponding request for judicial notice.  ECF 21; ECF 22.  All parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c).  ECF 11; ECF 16.

## II.      LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).  A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Rule 9(b) imposes a heightened pleading standard for claims based on fraud, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake" including an account of the "time, place, and specific content of the false representations."  Fed. R. Civ. P 9(b); *Swartz*, 476 F.3d at 764 (internal citations omitted).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   DISCUSSION

#### A.   Judicial Notice & Incorporation by Reference

"When ruling on a motion to dismiss, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). If additional documents are presented, the court must either exclude them or convert the motion into a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d).

Here, IBKR requests incorporation by reference of Exhibit G: CFTC's Order from its investigation of IBKR. Upon a defendant's request, a court may incorporate a document by reference if the plaintiff "refers extensively" to the document or if "the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court grants IBKR's request over Chang's objection because the allegations in the complaint are based on the CFTC Order. *See* ECF 30 at 5; *see also In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (finding incorporation by reference of SEC filings appropriate where the plaintiff stated that her allegations were based in part on a review of the filings).

IBKR also requests judicial notice of ten other Exhibits. ECF 22. Federal Rule of Evidence 201 allows a court to take judicial notice of "a fact that is not subject to reasonable dispute" because it is "generally known" within the court's jurisdiction or can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Accordingly, the Court can take judicial notice of: (1) Exhibits A through F–complaints, judgments, and an indictment filed by the CFTC, SEC, and U.S. Attorney's Office against Haena Park–for the limited purpose of establishing their existence, and (2) Exhibits H through K–press releases announcing the agencies' enforcement actions–for the limited purpose of demonstrating what was in the public realm at the time they were published. *See Lee v. City of Los* Angeles, 250 F.3d 668, 688 (9th Cir. 2001). The Court dismisses the complaint on other grounds, so IBKR's argument that Chang could have discovered information about IBKR's involvement before 2020 is moot. *See* n.1. Thus,

4

because the timing argument is moot, the Court DENIES IBKR's request for judicial notice, finding the Exhibits irrelevant.  *See Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 399 n.7 (9th Cir. 2000) (denying a request for judicial notice when the documents are not relevant to any issue before the court).

### B.  Aiding and Abetting Claims

Contrary to Chang's assertion, because the aiding and abetting claims alleged in the complaint are both grounded in the fraudulent scheme, the Rule 9(b) heightened pleading standard applies.  ECF 28 at 11; *see Lynwood Invs. CY Ltd. v. Konovalov*, Case No. 20-cv-03778-LHK, 2021 U.S. Dist. LEXIS 58501, at *38 (N.D. Cal. Mar. 25, 2021) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).  To state a claim for aiding and abetting a tort, a plaintiff must show that the defendant either: "(a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person.  *Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1144 (Cal. Ct. App. 2005).  And "to state a claim for aiding and abetting a tort under California law, the plaintiff must allege that the defendant had actual knowledge of the tort."  *Lynwood Invs. CY Ltd.*, 2021 LEXIS 58501, at *44 (citing *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1118-19 (C.D. Cal. 2003)); *see also Casey*, 127 Cal. App. 4th at 1146 (stating that aiding and abetting "necessarily requires a defendant to reach a *conscious decision to participate in tortious activity* for the purpose of assisting another in performing a wrongful act" (emphasis in original)).

The allegations in the complaint fall short of this standard.  Chang provides a bullet point list of the "factual allegations supporting IBKR's actual knowledge," but the Court disagrees with the conclusion Chang draws from the list.  *See ECF* 28 at 14.  The allegations that address IBKR's actual knowledge–IBKR knew that Park's account was incurring staggering losses, IBKR knew that Park continued to make enormous deposits, IBKR knew that Park had withdrawn $1.5 million in cash–do not demonstrate IBKR's

1   actual knowledge of the primary violations of fraud or breach of fiduciary duty.  And the

2   allegations that speak to the primary violations–IBKR knew that Park was trading investor

3   money, IBKR knew that investor money was improperly comingled with Park's personal

4   funds–require the Court to jump to unsupported conclusions.  In the end, even viewing the

5   allegations in the light most favorable to Chang, the complaint fails to allege that IBKR

6   actually knew that Park was committing fraud and breaching her fiduciary duties.  Thus,

7   the claims for aiding and abetting fraud and breach of fiduciary duty are dismissed.  These

8   claims may be cured by further allegations regarding Chang's efforts at discovering

9   information about IBKR's involvement, so the Court also grants leave to amend.

### 1. Statutes of Limitations

11      IBKR argues that Chang's claims for aiding and abetting fraud and breach of

12   fiduciary duty should be dismissed because they are time-barred.  ECF 21 at 19.

13      The first question for the Court is: what is the statute of limitations for these claims?

14   "The statute of limitations for a cause of action for aiding and abetting a tort generally is

15   the same as the underlying tort."  *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal.

16   App. 4th 1451, 1478 (Cal. Ct. App. 2014).  The first underlying tort is breach of fiduciary

17   duty, and "the statute of limitations for breach of fiduciary duty is three years or four years,

18   depending on whether the breach is fraudulent or nonfraudulent."  *Id.* at 1479.  Here,

19   Chang's breach of fiduciary duty is based on the fraudulent scheme, so the three year

20   limitation applies.  The second underlying tort is fraud; the statute of limitations for a fraud

21   claim is three years.  Cal. Civ. Proc. Code § 338.  Thus, the answer to the first question is

22   three years.

23      The next question for the Court is: when does the statute of limitations begin to run?

24   Generally, the statute of limitations begins to run when all elements of a cause of action

25   are complete.  *See Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999).  However, a

26   plaintiff can invoke the discovery rule, which tolls the statute of limitations until a plaintiff

27   suspects, or has reason to suspect, a factual basis for the elements of a cause of action as to

28   a defendant.  *Id.* at 393.  A plaintiff invoking the discovery rule "must specifically plead

United States District Court
Northern District of California

facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *CAMSI IV v. Hunter Tech. Corp.*, 230 Cal. App. 3d 1525, 1536 (Cal. Ct. App. 1991). "Mere conclusory assertions that delay in discovery was reasonable are insufficient." *Id.* at 1536-37.

IBKR asserts that "at the absolute latest, any cause of action for Plaintiff and other similarly situated investors accrued by November of 2016." ECF 21 at 19. However, Chang invokes the discovery rule and alleges that he "did not discover, and exercising reasonable diligence could not have discovered the facts establishing IB[KR]'s participation in Park's fraud scheme until the CFTC made public its findings . . . in August 2020." ECF 1 at ¶ 55. Chang sufficiently alleges the time and manner of his discovery, but even viewing the allegations in the light most favorable to him, he has not "specifically" pled facts that show that he was unable to discover IBKR's involvement prior to 2020 or that he attempted to exercise reasonable diligence. *See CAMSI IV*, 230 Cal. App. 3d at 1536.[1] Instead, the complaint relies on conclusory assertions that "exercising reasonable diligence could not have discovered the facts." ECF 1 at ¶ 55.

In the alternative, Chang argues that the doctrine of equitable tolling applies. "Equitable tolling is a judicially created, nonstatutory doctrine that suspends or extends a statute of limitations as necessary to ensure fundamental practicality and fairness." *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 719 (2020) (internal quotations and citations omitted). Equitable tolling should be applied "occasionally" "in special situations" and only where all three elements are present: "(1) timely notice, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff." *Id.* at 719, 724. Although Chang asserts that equitable tolling applies, he

---

[1] IBKR argues that "an overwhelming amount of public information put Plaintiff on notice of Park's wrongful conduct as early as June of 2016." ECF 21 at 20-21. Although the Court reaches the conclusion of dismissal, it is unpersuaded by this argument. The fact that regulatory agencies filed complaints, press releases, and eventually, judgments does not mean that Chang was aware of this information. Further, Chang's claims are against IBKR, not Park, so the regulatory investigations into Park, without further explanation about IBKR's involvement, do not persuade the Court that Chang was on notice of IBKR's alleged aiding and abetting.

United States District Court
Northern District of California

fails to demonstrate the application of these elements to the complaint.  Thus, the Court declines to apply equitable tolling.

Because the complaint fails to sufficiently allege the application of the discovery rule and equitable tolling, the answer to the second question–when does the statute of limitations begin to run–is November 2016, when Park allegedly stopped soliciting funds from investors and IBKR stopped aiding and abetting her.  ECF 1 at 9; *see Norgart*, 21 Cal. 4th at 397.  Applying the three-year statutes of limitations starting November 2016, the aiding and abetting claims are time-barred.  Accordingly, the Court dismisses these claims.  Because these deficiencies may be cured with further allegations the Court grants Chang leave to amend.

### C.    Unfair Competition Law Claim

IBKR argues that Chang's UCL claim is not viable because it is predicated on his aiding and abetting claims, which are not adequately pled.  ECF 21 at 18.  Unfair competition is "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  In his opposition, Chang concedes that he "do[es] not allege fraudulent business practices under the UCL."  ECF 28 at 23.  Chang further asserts that his unlawful business practices claim stems from his allegations that IBKR "aided and abetted common law fraud and breach of fiduciary duty" and that his unfair business practices claim is "tethered" to his "adequately pled . . . aiding and abetting claims."  *Id.* at 22-23.  Thus, because the Court dismisses the aiding and abetting claims, it must dismiss the UCL claim based on unlawful and unfair business practices.  Accordingly, this claim is dismissed, with leave to amend.

### 1.    Statute of Limitations

A claim under the UCL must be brought "within four years after the cause of action accrued."  Cal. Bus. & Prof. Code § 17208.  Because Chang's UCL claim is predicated on the aiding and abetting claims related to the fraudulent scheme, the same accrual date–November 2016–applies here.  Thus, as alleged, this claim is also time-barred.  The Court dismisses Chang's UCL claim, with leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS IBKR's motion to dismiss the complaint.  The Court also GRANTS Chang leave to amend the complaint to fix the deficiencies identified in this order.  Chang may not add any new parties or claims without further leave of court.  Chang must file a first amended complaint or notify the Court that he does not wish to amend by **December 23, 2021**.  If Chang does not act by December 23, the Court will dismiss the complaint.

**IT IS SO ORDERED.**

Dated:  November 24, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge